621 F.2d 1028
 In re CONDOMINIUMS NORTHWEST, INC., Bankrupt.
Everette H. WILLIAMS, Trustee in Bankruptcy of Condominiums
Northwest, Inc., an Oregon Corp., Plaintiff-Appellee,
v.
Peter M. GUNNAR, Judith A. Burkhart and Edwin H. Armstrong,
Defendants-Appellants,
and
Donivan M. Oseth and Joan Phillips, Defendants.
Everette H. WILLIAMS, Trustee in Bankruptcy of Condominiums
Northwest, Inc., and Oregon Corp., Plaintiff-Appellee,
v.
Edwin H. ARMSTRONG, Defendant-Appellant,
and
Peter M. Gunnar, Judith A. Burkhart, Donivan M. Oseth and
Joan Phillips, Defendants.
 Nos. 78-2090, 77-3709.
 United States Court of Appeals,
Ninth Circuit.
 June 23, 1980.
 
 Peter M. Gunnar, in pro per, McLaughlin, Gunnar & Woods, Portland, Or., for defendants-appellants.
 Stephen B. Herrell, McMenamin, Joseph, Herrell & Paulson, Peter M. Gunnar, Portland, Or., for plaintiff-appellee.
 Appeal from the United States District Court for the District of Oregon.
 Before BROWNING, and PREGERSON, Circuit Judges, and TAKASUGI,* District Judge.
 PER CURIAM:
 
 
 1
 In August, 1973, after experiencing financial difficulties, Condominiums Northwest, Inc., (CNW) created a trust for the benefit of its unsecured creditors with appellant Armstrong as trustee. In September 1973, CNW hired the partnership of Gunnar, Burkhart and Armstrong (GBA) to manage the company. Roughly ten months later, in June 1974, CNW was adjudged bankrupt and the trustee in bankruptcy filed a complaint to invalidate transfers by CNW to appellants.
 
 
 2
 Appellants filed five proofs of claim in bankruptcy court before the trustee's complaint was filed. The bankruptcy judge consolidated the actions. As a result of appellants' filings the district court found that the bankruptcy court had jurisdiction by consent of the defendants under Section 23b of the Bankruptcy Act, 11 U.S.C. § 46.[1] Appellants assert that Section 2(a)(21), 11 U.S.C. § 11(a)(21), provides the exclusive jurisdictional basis for recovery of property transferred to pre-bankruptcy trustees and agents. Because Section 2(a)(21) does not apply where "the . . . trustee was appointed, the assignment was made, or the agent was authorized more than four months prior to the date of bankruptcy," 11 U.S.C. § 11(a)(21), acceptance of appellant's argument would defeat jurisdiction in this case.
 
 
 3
 We reject appellant's contention. Consent provisions of Section 23b "may operate to allow a bankruptcy court to exercise summary jurisdiction where it might not otherwise exist." J. Moore & L. King, 2 Collier on Bankruptcy P 23.03, p. 444 (14th ed. 1976). Section 2(a)(21) is a clarifying provision that is "simply declaratory of prior case law," Phelps v. United States, 421 U.S. 330, 337, 95 S.Ct. 1728, 1733, 44 L.Ed.2d 201, quoting 1 J. Moore & R. Ogleby, Collier on Bankruptcy P 2.78(3), p. 390.26 (14th ed. 1975), and therefore does not disturb the capacity of a claimant to consent to summary jurisdiction under Section 23(b). See Phelps v. United States, supra, 421 U.S. at 336 n.6, 95 S.Ct. at 1732 n.6; 2 J. Moore & L. King, Collier on Bankruptcy, supra, P 23.08.
 
 
 4
 We affirm the decision below on the remaining issues for the reasons stated in the district court opinion.
 
 
 5
 AFFIRMED.
 
 
 
 *
 Honorable Robert M. Takasugi, United States District Judge for the Central District of California, sitting by designation
 
 
 [1]
 This case arose prior to the Bankruptcy Reform Act of 1978, 11 U.S.C. § 101 et seq., which abrogates the distinction between summary and plenary jurisdiction. See generally 1 L. King, Collier on Bankruptcy P 3.01 (15th ed. 1979)