PER CURIAM:
In August, 1973, after experiencing financial difficulties, Condominiums Northwest, Inc., (CNW) created a trust for the benefit of its unsecured creditors with appellant Armstrong as trustee. In September 1973, CNW hired the partnership of Gunnar, Burkhart and Armstrong (GBA) to *1029 manage the company. Roughly ten months later, in June 1974, CNW was adjudged bankrupt and the trustee in bankruptcy filed a complaint to invalidate transfers by CNW to appellants.
Appellants filed five proofs of claim in bankruptcy court before the trustee’s complaint was filed. The bankruptcy judge consolidated the actions. As a result of appellants’ filings the district court found that the bankruptcy court had jurisdiction by consent of the defendants under Section 23b of the Bankruptcy Act, 11 U.S.C. § 46.[1] Appellants assert that Section 2(a)(21), 11 U.S.C. § ll(a)(21), provides the exclusive jurisdictional basis for recovery, of property transferred to pre-bankruptcy trustees and agents. Because Section 2(a)(21) does not apply where “the . . . trustee was appointed, the assignment was made, or the agent was authorized more than four months prior to the date of bankruptcy,” 11 U.S.C. § ll(a)(21), acceptance of appellant’s argument would defeat jurisdiction in this case.
We reject appellant’s contention. Consent provisions of Section 23b “may operate to allow a bankruptcy court to exercise summary jurisdiction where it might not otherwise exist.” J. Moore & L. King, 2 Collier on Bankruptcy 123.03, p. 444 (14th ed. 1976). Section 2(a)(21) is a clarifying provision that is “simply declaratory of pri- or case law,” Phelps v. United States, 421 U.S. 330, 337, 95 S.Ct. 1728, 1733, 44 L.Ed.2d 201, quoting 1 J. Moore & R. Ogleby, Collier on Bankruptcy H 2.78[3], p. 390.26 (14th ed. 1975), and therefore does not disturb the capacity of a claimant to consent to summary jurisdiction under Section 23(b). See Phelps v. United States, supra, 421 U.S. at 336 n.6, 95 S.Ct. at 1732 n.6; 2 J. Moore & L. King, Collier on Bankruptcy, supra, H 23.08.
We affirm the decision below on the remaining issues for the reasons stated in the district court opinion.
AFFIRMED.

. This case arose prior to the Bankruptcy Reform Act of 1978, 11 U.S.C. § 101 et seq., which abrogates the distinction between summary and plenary jurisdiction. See generally 1 L. King, Collier on Bankruptcy *' 3.01 (15th ed. 1979).